**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2525-24

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JOAN AGUIRRE, a/k/a
JOAN S. AGUIRRE, JOAN
S. BLAZE, and S. BLAZE,

    Defendant-Appellant.

_____

Submitted May 20, 2026 – Decided June 23, 2026

Before Judges Berdote Byrne and Jablonski.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment Nos. 17-04-1098 and 17-04-1099.

Bailey & Toraya, LLP, attorneys for appellant (Howard W. Bailey, on the brief).

Theodore N. Stephens II, Essex County Prosecutor, attorney for respondent (Shep A. Gerszberg, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Joan Aguirre appeals from a March 5, 2025 order denying his petition for post-conviction relief ("PCR"). He contends he was entitled to an evidentiary hearing on his claims that his trial counsel provided ineffective assistance to him throughout the trial proceedings. Based on our de novo review of the record, the application of well-established law, and for the reasons set forth in Judge Naazneen B. Khan's thoughtful written opinion, we affirm.

A.

Following the shooting death of Victor Brantley in Newark in 2017, defendant was indicted for: first-degree murder, N.J.S.A. 2C:11-3(a)(1); second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a)(1); second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b)(1); and second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1). Defendant admitted to killing Brantley.

Through the efforts of his trial counsel, defendant negotiated an agreement under which he would plead guilty to first-degree aggravated manslaughter, 2C:11-4(a)(1), and unlawful possession of a weapon. In exchange, the State agreed to recommend defendant receive a twenty-four-year prison term with a parole disqualifier under the No Early Release Act, N.J.S.A. 2C:43-7.2, to be served concurrently with a seven-year prison sentence on the weapons count

2

subject to the Graves Act, N.J.S.A. 2C:43-6. Defendant accepted the offer and entered a guilty plea, acknowledged, under oath, that he possessed a handgun, fired it at Brantley, and killed him.

At the plea hearing, defendant testified that he had reviewed the plea agreement, had sufficient time to speak with his attorney and ask her any questions, and had adequate time to consider the State's offer. He also acknowledged that he entered the guilty plea voluntarily, without being threatened, forced, or tricked, because he was guilty. At sentencing, the trial judge considered the statements of all interested parties involved in the litigation. The judge found that aggravating factors three, six, and nine applied, N.J.S.A. 2C:44-1(a)(3), (6) and (9), and that no mitigating factors were present. The court sentenced defendant according to the plea agreement.

Rather than appeal his conviction or seek to vacate his guilty plea, defendant timely filed a PCR petition. After hearing the parties' arguments, Judge Khan applied the two-prong test under Strickland v. Washington, 466 U.S. 668, 687 (1984), and State v. Fritz, 105 N.J. 42, 58 (1987), and issued an order and a comprehensive nineteen-page opinion denying defendant's claims without an evidentiary hearing. Judge Khan analyzed each of defendant's arguments,

explained the reasons she rejected each point, and provided the precedent to support her decision.

Judge Khan first determined that defendant failed to demonstrate his trial counsel's performance fell below the objective standard of reasonableness under the first prong of the Strickland/Fritz test because defendant's assertions to the contrary were "vague, conclusory, or lacking in evidentiary support." Judge Khan also determined that even if trial counsel had been ineffective, defendant failed to show that he suffered any prejudice under the second Strickland/Fritz prong. She acknowledged the evidence supporting defendant's guilt was "overwhelming and in various forms, including [defendant's] own words." In sum, Judge Khan concluded: "Given [defendant's] failure to present a prima facie claim in support of relief, an evidentiary hearing is not required. [Defendant's] claims are vague, conclusory, unsupported, and speculative. The [c]ourt is thus able to decide on the petition and the arguments raised [in it] on the record before it."

On appeal, defendant presents the following arguments for our consideration:

Point I.

The [PCR] court erred in denying the defendant's petition for post-conviction relief without affording

4

him an evidentiary hearing to fully address his contention that he received ineffective assistance of counsel.

A.    The prevailing legal principles regarding claims of ineffective assistance of counsel, evidentiary hearings, and petitions for post-conviction relief.

B.    Defendant received ineffective assistance of counsel when his trial attorney failed to review discovery with him and failed to develop a defense strategy at trial.

C.    Defendant received ineffective assistance of counsel when his trial attorney improperly pressured him into pleading guilty.

D.    Defendant received ineffective assistance of counsel when his trial attorney failed to raise all mitigating factors at the time of sentencing.

B.

Our Supreme Court recently reaffirmed our role in reviewing PCR petitions. "Our review of a PCR court's factual findings is 'necessarily deferential.' However, we review a PCR court's legal conclusions de novo." State v. Hernandez-Peralta, 261 N.J. 231, 246 (2025) (first quoting State v. Nash, 212 N.J. 518, 540 (2013); then citing State v. Harris, 181 N.J. 391, 419 (2004)). In the absence of an evidentiary hearing, we review de novo both the factual inferences drawn from the record by the PCR judge and that judge's legal conclusions. State v. Aburoumi, 464 N.J. Super. 326, 338 (App. Div. 2020).

A-2525-24

Based on our de novo review, we reach the same conclusion as Judge Khan and affirm. Judge Khan correctly applied the Strickland/Fritz test to defendant's claim of ineffective assistance of his trial counsel and found that defendant failed to establish either prong of that test. Specifically, and as Judge Khan noted, defendant did not establish that trial counsel's performance "was not within the range of competence demanded of attorneys in criminal cases." State v. Chau, 473 N.J. Super. 430, 445 (App. Div. 2022) (quoting Tollett v. Henderson, 411 U.S. 258, 266 (1973)) (internal quotation marks omitted). As Judge Khan further noted, the deficiency allegations defendant levels against trial counsel's performance concerning a lack of review as to discovery and pressure to plead guilty are belied by the record. Defendant also did not demonstrate "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Ibid. (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)).

We further conclude Judge Khan properly denied defendant's request for an evidentiary hearing. See State v. L.G.-M., 462 N.J. Super. 357, 365 (App. Div. 2020). A PCR petitioner is not automatically entitled to an evidentiary hearing. State v. Porter, 216 N.J. 343, 355 (2013); see also State v. Peoples, 446 N.J. Super. 245, 254 (App. Div. 2016) (holding "[t]he mere raising of a claim of

[ineffective assistance of counsel] does not entitle the defendant to an evidentiary hearing").

Rule 3:22-10(b) provides a court should hold an evidentiary hearing on a PCR petition only if defendant establishes a "prima facie case in support of [PCR]," "there are material issues of disputed fact that cannot be resolved by reference to the existing record," and "an evidentiary hearing is necessary to resolve the claims for relief." See also Porter, 216 N.J. at 354. Defendant did not meet this standard and, thus, the judge correctly decided defendant's petition without the need for an evidentiary hearing.

To the extent we have not addressed any of defendant's remaining arguments, we conclude it is because they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-2525-24